Lebron v Bronx Hgts. Beulah Assoc., LP
2026 NY Slip Op 03363
May 28, 2026
Appellate Division, First Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

Wilkins Lebron, Plaintiff-Respondent,
v
Bronx Heights Beulah Associates, LP, Defendant-Respondent.
Bronx Heights Beulah Associates, LP, Third-party Plaintiff-Respondent,
Prestige Management, Inc., Third-party Defendant-Appellant.

Decided and Entered: May 28, 2026
Index No. 304608/15|Appeal No. 6742-6743|Case No. 2025-02615|
Before: Webber, J.P., Gesmer, Rodriguez, Pitt-Burke, O'neill Levy, JJ.

Wade Clark Mulcahy LLP, New York (Abed Z. Bhoyan of counsel), for appellant.
Smith Mazure, P.C., New York (Joel M. Simon of counsel), for Bronx Heights Beulah Associates, LP, respondent.

[*1]
Order, Supreme Court, Bronx County (Myrna Socorro, J.), entered on or about April 15, 2025, which denied the motion of third-party defendant Prestige Management, Inc. for leave to amend its answer, unanimously reversed, on the law and in the exercise of discretion, without costs, and the motion granted.
Supreme Court improvidently exercised its discretion in denying the motion to amend. Leave to amend pleadings under CPLR 3025(b) should be freely granted in the absence of prejudice or surprise resulting from the proposed amendment, unless the proposed amendment is palpably insufficient or patently devoid of merit (see McGhee v Odell, 96 AD3d 449, 450 [1st Dept 2012]). Although Prestige delayed in seeking the amendment, mere lateness does not bar an amendment to a pleading. Furthermore, defendant/third-party plaintiff Bronx Heights Beulah Associates, LP has not articulated how granting leave to amend would prejudice it (see Jacobson v Croman, 107 AD3d 644, 645 [1st Dept 2013]).
Although we do not decide the merits of Prestige's proposed anti-subrogation defense, the defense is not patently insufficient on its face (see McGhee, 96 AD3d at 450; Pier 59 Studios, L.P. v Chelsea Piers, L.P., 40 AD3d 363, 366 [1st Dept 2007]). Bronx Heights has identified evidence in the record to support its assertion that Prestige was an insured under Bronx Heights's policy, and in that event, the anti-subrogation defense might be applicable (see Millennium Holdings LLC v Glidden Co., 27 NY3d 406, 415 [2016]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 28, 2026